IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TAUREK WILLIS**                                                                  **PLAINTIFF**

                                                                                       **NO. 3:20-CV-307-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for disability insurance benefits, child disability benefits, and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, determined that oral argument was unnecessary in this cause inasmuch as it is evident from the record that the ALJ's decision is not supported by substantial evidence.

**Standard of Review**

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and

must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Background

Plaintiff filed for DIB and SSI on April 5, 2019, under Titles II and XVI of the Social

Security Act. Tr. 33, 458-71; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). On April 16, 2019, the Plaintiff filed two applications for child's insurance benefits. In all applications, the Plaintiff alleged disability beginning February 24, 2018. 1 After denials of Plaintiff's applications, an ALJ held an administrative hearing on May 28, 2020. Tr. 65-91. James Porter, an impartial vocational expert, appeared at the hearing along with the Plaintiff's attorney. Plaintiff was 19 years old on his alleged disability onset date and 22 years old on the date of the Commissioner's final decision. Tr. 36, 458. Plaintiff graduated high school, and the ALJ found that he had past relevant work as an industrial cleaner and as a packer. Tr. 39, 491.

On June 3, 2020, the ALJ issued a decision denying Plaintiff's applications. Tr. 30-41. The ALJ found that Plaintiff had the following severe impairments: "schizophrenia and substance abuse disorder." Tr. 36-37. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. Tr. 37-38.

The ALJ determined that Plaintiff had the RFC to perform work at all exertional levels with mental limitations. Tr. 38-39. Specifically, "He can understand, remember, and carry out instructions. He is able to perform simple, routine, and repetitive tasks. He is able to interact with supervisors, coworkers, and the public occasionally." Tr. 38. Pursuant to the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as an industrial cleaner. Tr. 39-40. The ALJ also made an alternative step-five finding that jobs existed in significant numbers in the national economy that Plaintiff could perform. Tr. 40-41. The

---

1 At the hearing, Plaintiff's counsel sought to amend the Claimant's alleged date of onset to May 4, 2018. Tr. 72.

Appeals Council denied Plaintiff's request for review, making the ALJ's decision final for purposes of this Court's review. Tr. 19-24.

**Analysis**

The Court finds the Commissioner's decision is not supported by substantial evidence in the record. Plaintiff's brief sufficiently details the medical evidence, demonstrates the documented existence of a mental disorder for a period of over two years, and substantiates the argument that Plaintiff would not be able to maintain employment. *See* Pl.'s Br. [19] at 5-12.

In *Singletary v. Bowen*, the Fifth Circuit recognized that "a claimant alleging a mental impairment may face a difficulty not presented in cases involving physical impairment." *Singletary v. Bowen*, 798 F.2d 818, 821 (5th Cir. 1986). There, the Fifth Circuit reasoned that

> When viewed as a whole, Singletary's history presents the picture of an individual living a tragic, chaotic personal life who has been unable to remain employed for more than limited periods of time. He has been hospitalized repeatedly over a long period of time for psychiatric problems, and the record is replete with discussions of his inappropriate behavior and poor social adjustment. Based on such a record, we are not satisfied that substantial evidence supports a determination that Singletary could obtain *and maintain* employment, or that this was the finding of the ALJ.

*Id.* at 823.

The Fifth Circuit set forth a two-prong test when considering a mental impairment. *Id.* at 822. The first question is whether the impairment meets the twelve-month durational requirement, and the second question is whether the impairment is so severe as to prevent the claimant from engaging in substantial gainful activity. *Id.* at 821. Since *Singletary*, the Fifth Circuit has held that a separate finding regarding claimant's ability to maintain employment is necessary when the record shows that a claimant is compromised in his/her ability to maintain

employment by: (1) intermittently recurring symptoms; (2) that exist at a disabling level of intensity; and (3) the finder of fact did not adequately address this evidence in the context of the claimant's ability to work on a regular and continuing basis. *See Dunbar v. Barnhart,* 330 F.3d 670 (5th Cir. 2003); *Perez v. Barnhart,* 415 F.3d 467 (5th Cir. 2005); *Frank v. Barnhart,* 326 F.3d 618 (5th Cir. 2003).

This Court finds striking similarities between the instant case and *Singletary*. This Court further finds that it was reversible error for the ALJ not to consider the extent to which Plaintiff's severe mental illness could prevent him from maintaining regular employment. *Singletary*, 798 F.2d at 822. This is especially true here, where the ALJ recognized in his opinion that "there is a very real danger of the claimant slipping back into poor compliance." Tr. 39. The Plaintiff's uncontroverted testimony at the hearing provided evidence of his inability to maintain regular employment in the past. Tr. 84-86.

The Court also notes that the state agency physician, who the ALJ found persuasive, opined that Plaintiff would be able to complete a normal workweek with moderate interruptions from psychologically based symptoms. These "moderate interruptions" are not reflected in the RFC and were not present in the hypothetical posed to the vocational expert.

On remand, the ALJ must reevaluate all the medical evidence as it relates to the issues of whether the Claimant's severe mental illness would prevent him from maintaining regular employment and whether the claimant's noncompliance with medication was a symptom of his severe mental impairments. The ALJ may obtain either medical source statements from treaters or assessments from agency medical consultants (based on all the medical evidence in

the file) on these issues. If necessary, the ALJ may also obtain supplemental vocational expert testimony on the issue of whether there is any work the claimant can perform in view of all his limitations and the relevant vocational factors. In formulating the RFC and in posing a hypothetical to the vocational expert, if any, the ALJ should consider any absenteeism or days in which the Plaintiff would have to miss work as a result of his severe mental illness. The ALJ may conduct any additional proceedings that are not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED and REMANDED for further proceedings.**

This, the 3rd day of March, 2022.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE